UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TECHNOLOGY LICENSING
CORPORATION, a California
corporation,

       Plaintiff,

  v.

THOMPSON, INC., a Delaware
corporation,

       Defendant.

NO. CIV. S-03-1329 WBS PAN

MEMORANDUM AND ORDER RE:
MOTION TO SUPPLEMENT REBUTTAL
EXPERT REPORTS & MOTION TO
SUBSTITUTE A PARTY

----oo0oo----

       Plaintiff's complaint alleges that defendant infringed four patents. The four patents alleged to be infringed were issued to J. Carl Cooper, who assigned his rights under those patents to plaintiff. (Compl.) The infringement claims regarding two of those patents were stayed by court order on September 20, 2004. The claims regarding patents 4,573,070 ("the '070 patent") and 5,459,524 have not been stayed.

       The first issue is whether defendant's rebuttal experts will be allowed to supplement their reports after defendant has

1

1  had a chance to depose plaintiff's experts.  Defendant is
2  scheduled to depose one of plaintiff's experts on May 10, 2005.
3  (Pl.'s Opp'n to Def.'s Mot. for Leave to Supplement Expert
4  Witness Reports at 2).  Defendant seeks to be permitted 10 days
5  after the last deposition of any of plaintiff's expert witnesses
6  to supplement its rebuttal expert reports.  (Def.'s Proposed
7  Order at 1).  Defendant claims that its rebuttal experts' reports
8  will necessarily be incomplete, and therefore it will be
9  prejudiced, if the court does not grant defendant's motion.
10          In its response to defendant's emergency motion for an
11 expedited hearing, plaintiff first stated that it did not oppose
12 defendant's motion so long as any amendment is submitted before
13 the close of discovery on May 16, 2005.  However, in plaintiff's
14 response to defendant's motion to submit expert reports, and at
15 oral argument on the motion, plaintiff now argues for denial of
16 the motion in its entirety.
17          Under Federal Rule of Civil Procedure 26(e), a party
18 has a duty to supplement disclosures, including expert witness
19 rebuttal reports, if those disclosures are incomplete or
20 incorrect.  Although a party is not <u>entitled</u> to amend expert
21 rebuttal disclosures under Rule 26(e), defendant anticipates that
22 its prior disclosures will be incomplete.  Plaintiff's initial
23 reaction to this motion suggests that plaintiff would not suffer
24 prejudice from any amendments defendant might make to its expert
25 witness rebuttal reports before the close of discovery on May 16,
26 2005.  Accordingly, the court will permit such amendments, but in
27 the interest of fairness will also allow plaintiff to amend its
28 expert witness reports before the close of discovery.

2

The second issue concerns plaintiff's motion to substitute a party pursuant to Federal Rule of Civil Procedure 25(c) ("Rule 25(c)")[1] due to a transfer of interest in one of the patents. In his declaration, plaintiff's counsel Joseph Hosteny states that he has reviewed an exclusive license agreement between plaintiff, Cooper, and Pixel Instruments Corporation on one side and AV Technologies LLC ("AVT") on the other. The agreement is dated November 12, 2004, well after the inception of this litigation. Hosteny claims that this agreement is confidential. A copy has not been provided the court. The agreement grants AVT the right to sue for past, present, and future infringement of the '070 patent. (Hosteny Decl. ¶ 3). Finally, Hosteny claims that AVT "has consented to being substituted in this case for TLC with respect to the '070 patent." (Id. ¶ 4). Defendant does not oppose the substitution of AVT.

Rule 25(c) leaves the substitution decision to the trial court's sound discretion. In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000). The court does not need to substitute a successor in interest for that successor to be bound by any judgment issued against the original party in interest. Id. "An order of joinder [under Rule 25(c)] is merely a discretionary determination by the trial court that the transferee's presence

---

[1] In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . . .

Fed. R. Civ. P. 25(c).

3

would facilitate the conduct of the litigation." Id.(citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958)(2d ed. 1986)).

The court sees no compelling reason to allow substitution of AVT as a plaintiff inasmuch as AVT will already benefit from any judgment in favor of plaintiff, will be bound by any judgment against plaintiff, and is completely free to take over or assist in the representation of plaintiff in connection with the '070 patent even if no formal substitution is made. In order for AVT to join as a plaintiff, it will be necessary for an amended complaint to be filed, making it clear which claims are asserted by Technology Licensing Corporation, and which claims are asserted by AVT. After AVT is joined, particularly if it has different counsel, AVT may seek to reopen discovery or change the scheduling dates. For those reasons, the court would not be inclined to exercise its discretion to permit substitution of plaintiffs. But since that is what all of the parties want, that is what they will get.

IT IS THEREFORE ORDERED that:

(1) defendant's motion to amend its rebuttal experts' reports after the date those reports are due be, and the same hereby is, GRANTED, provided that any amendments to the rebuttal expert reports be submitted by May 16, 2005;

(2) plaintiff may amend its experts' reports, provided that any amendment to those reports be submitted by May 16, 2005;

(3) plaintiff's motion to substitute AV Technologies LLC with respect to the '070 patent be, and the same hereby is, GRANTED. Existing plaintiff Technology Licensing Corporation and

4

new plaintiff AV Technologies LLC shall file an Amended Complaint consistent with this order within 10 days from the date of this order.  Defendant shall file its response to the Amended Complaint within 14 days from service of the Amended Complaint.

DATED: May 5, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5