1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11 TECHNOLOGY LICENSING
   CORPORATION, a California
12 corporation, and AV
   TECHNOLOGIES LLC, an Illinois
13 Limited Liability Company,
                                    NO. CIV. S-03-1329 WBS PAN
14          Plaintiffs,

15     v.                           MEMORANDUM AND ORDER RE:
                                    DEFENDANT'S MOTIONS FOR
16                                  PARTIAL SUMMARY JUDGMENT,
                                    PLAINTIFFS' MOTION TO STRIKE,
17                                  DEFENDANT'S MOTION IN LIMINE
                                    TO EXCLUDE EVIDENCE
18 THOMSON, INC., a Delaware
   corporation,
19
            Defendant.
20
                          ----oo0oo----
21

22          Plaintiffs' amended complaint alleges that defendant

23 infringed four patents.  Four motions are presently before the

24 court:

25 •    Defendant's motion for partial summary judgment of no

26      damages prior to the filing of plaintiff Technology

27      Licensing Corporation's original complaint;

28 •    Plaintiffs' motion to strike defendant's defense of res

                              1

1    judicata found in defendant's May 19, 2005 answer to

2    plaintiffs' amended complaint;

3 •  Defendant's motion for partial summary judgment based on res

4    judicata;

5 •  Defendant's motion to limit plaintiffs' direct infringement

6    evidence to products containing certain integrated circuits

7    and to eliminate reference to infringement under the

8    doctrine of equivalents.

9 I.  Factual and Procedural Background

10        The four patents alleged to be infringed were issued to

11 J. Carl Cooper, who assigned his rights under those patents to

12 plaintiff Technology Licensing Corporation ("TLC"). (Am. Compl.)

13 The infringement claims regarding two of those patents were

14 stayed by court order on September 20, 2004.  The claims

15 regarding patents 4,573,070 ("the '070 patent") and 5,459,524

16 ("the '524 patent") have not been stayed.

17        Subsequent to the filing of this suit, TLC assigned its

18 rights in the '070 patent to AV Technologies LLC ("AVT").

19 Plaintiff TLC filed an unopposed motion to amend its complaint to

20 substitute AVT as a plaintiff to allow AVT to pursue its rights

21 under the '070 patent.  The court granted that motion by an order

22 entered May 6, 2005.  Plaintiffs subsequently submitted an

23 amended complaint.  Defendant filed an answer to plaintiffs'

24 amended complaint in which defendant claimed that it has a res

25 judicata defense based on another case dismissed with prejudice

26 from the Southern District of Indiana in May 2004.  (Answer to

27 Am. Compl. ¶¶ 59-63).  This res judicata defense was not in the

28 answer to the original complaint.

2

1  II. <u>Discussion</u>

2          A. <u>Defendant's Motion for Partial Summary Judgment Due</u>

3  <u>to Lack of Notice of Possible Infringement</u>

4          35 U.S.C. § 287(a)[1] ("§ 287(a)") provides that a

5  patentee may recover damages in an action for infringement only

6  after the date that the alleged infringer received actual notice

7  or constructive notice of the patent.  The patentee in an

8  infringement case has the burden of "pleading and proving at

9  trial that [patentee] complied with the statutory requirements

10 [of § 287(a)]."  <u>Maxwell v. Baker</u>, 86 F.3d 1098, 1111 (Fed. Cir.

11 1996).  Defendant contends that it did not receive notice, actual

12 or constructive, of the existence of plaintiffs' patents on the

13 devices allegedly infringed before plaintiff TLC originally filed

14 suit on June 20, 2003.  Defendant further contends that

15 plaintiffs did not plead notice.

16          Plaintiff TLC did not adequately plead that defendant

17 had notice prior to the filing of the original complaint.

18 Paragraph 12 of the original TLC complaint reads:

19      Thomson, on information and belief, manufactures, uses, and
20      sells products with demodulation capabilities for recovering
        information content from a modulated signal, including, but
21      not limited to, the Thomson Grass Valley 8960 DEC.  On

22      [1]   Patentees, and persons making, offering for sale, or
              selling within the United States any patented article
23            for or under them . . . may give notice to the public
              [by marking the article].  In the event of failure so
24            to mark, no damages shall be recovered by the patentee
              in any action for infringement, except on proof that
25            the infringer was notified of the infringement and
              continued to infringe thereafter, in which even damages
26            may be recovered only for infringement occurring after
              such notice.  Filing of an action for infringement
27            shall constitute such notice.

28 35 U.S.C. § 287(a).

1
2
3
4

   information and belief, Thomson has in the past infringed,
and continues to infringe directly, by inducement, and/or by
contributing to the infringement of one or more claims of
the '524 patent, including, but not limited to, claims 11,
27, and 41 by manufacturing, using, and selling such
products.

There is a similar paragraph alleging infringement of the '070

patent.  (Compl. ¶ 13).  These paragraphs do not plead that TLC

had previously provided defendant actual or constructive notice

of infringement.  Cf. Sentry Prot. Prods., Inc. v. Eagle Mfg.

Co., 400 F.3d 910, 918 (Fed. Cir. 2005)(holding that plaintiff's

pleading that defendant's infringements were "willful and with

full knowledge" of plaintiff's patents sufficiently pleaded that

defendants had notice).

   Plaintiffs argue that TLC, by pleading that defendant

induced others to infringe, implicitly alleged that defendant had

notice of the '070 and '524 patents and its infringement thereof.

To prove inducement,

  [i]t must be established that the defendant possessed
specific intent to encourage another's infringement and not
merely that the defendant had knowledge of the acts alleged
to constitute inducement.  The plaintiff has the burden of
showing that the alleged infringer's actions induced
infringing acts and that he knew or should have known his
actions would induce actual infringements.

Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553

(Fed. Cir. 1990)(emphasis in original).  Plaintiffs do not cite a

single case holding that pleading inducement is sufficient to

plead notice.  Further, it is not defendant's knowledge that is

the relevant inquiry under § 287(a).  Rather, it is the

patentee's action of notifying the defendant that is the relevant

inquiry.  Amsted Indus., Inc. v. Buckeye Steel Castings Co., 24

F.3d 178, 187 (Fed. Cir. 1994)("It is irrelevant . . . whether

4

1  the defendant knew of the patent or knew of his own infringement.

2  The correct approach to determining notice under section 287 must

3  focus on the action of the patentee, not the knowledge or

4  understanding of the infringer.").  Plaintiff TLC's claim of

5  inducement does not make any affirmative statement that plaintiff

6  notified defendant, either constructively or actually, of any

7  infringement.

8         Plaintiffs also argue that <u>defendant's</u> pleading of an

9  equitable estoppel defense is sufficient to meet <u>plaintiffs'</u>

10 burden under <u>Maxwell</u> to plead notice.  The language quoted in the

11 prior paragraph from <u>Amsted</u>, indicating that what must be pleaded

12 is patentee's actions and not defendant's knowledge, is also

13 enough to defeat this argument.  <u>See</u> 24 F.3d at 187.[2]

14        Since the pleading itself could serve as notice under §

15 287, the alleged infringer should be entitled to rely on

16 plaintiff's implicit assertion that the pleading <u>is</u> notice in the

17 absence of any allegations to the contrary.  The requirement that

18 patentee plead notice effectively serves to put the alleged

19 infringer on notice as to the scope of the litigation and the

20 extent of the damages alleged.  If plaintiff TLC had pleaded that

21 defendant had notice as of a certain date, or even if TLC had

22 pleaded that defendant had notice at an unspecified date prior to

23

24        [2]    Plaintiffs also contend that a document it submitted on
   June 8, 2005 entitled "Plaintiffs' Response to Thomson, Inc.'s
   First Amended Answer and Counterclaim" effectively pleads that
25 Thomson had actual notice prior to the filing of the original
   complaint.
26        This document is evidence that plaintiffs know they did
   not effectively plead notice prior to the original complaint.
27 <u>There is no amended counterclaim from Thomson in the record.</u>
   Thomson's <u>answer</u> to plaintiffs' amended complaint, which does not
28 contain any counterclaims, was filed on May 19, 2005.

1 the complaint, defendant could have conducted discovery to test

2 the truth of plaintiff TLC's allegations.

3          Defendant would be prejudiced if plaintiffs were

4 allowed to proceed in seeking damages prior to the filing of the

5 original complaint.  Defendant's counsel has represented to the

6 court that, in reliance on plaintiffs' failure to plead notice,

7 he conducted no discovery on the issue of when notice occurred.

8 (See Redano Decl. in Supp. of Def.'s Reply in Supp. of Mot. for

9 Partial Summ. J. of No Damages Prior to the Filing of Pls.'

10 Original Compl. ¶¶ 4, 7).  To allow plaintiffs to seek damages

11 now for infringement prior to the filing of the original

12 complaint would necessitate either reopening discovery or

13 permitting plaintiffs to conduct a trial by ambush.[3]  Neither is

14 acceptable.

15          Thus, the court limits damages to those arising after

16 the original complaint was filed on June 20, 2003.  Plaintiffs

17 concede that the '070 patent expired on February 25, 2003.

18 (Pls.' Response to Def.'s Statement of Undisputed Facts in Supp.

19 of Mot. for Partial Summ. J. of No Damages Prior to the Filing of

20 Pls.' Original Compl. ¶ 8).  Therefore, this order effectively

21 precludes plaintiffs from recovering any damages for infringement

22 of the '070 patent.

23 ///

24 ///

25

26    [3]    To the extent that plaintiffs' opposition to this
   motion moves for leave to amend the complaint, such motion is
27 denied.  Plaintiffs have not shown good cause for amending their
   complaint.  See Fed. R. Civ. P. 16(b); Johnson v. Mammoth
28 Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

1            B. Defendant's Motion for Partial Summary Judgment on

2  Res Judicata Grounds and Plaintiffs' Motion to Strike

3            Defendant's motion for partial summary judgment of no

4  infringement of the '070 patent on the grounds of res judicata is

5  moot since, due to this order, plaintiffs can recover no damages

6  for infringement of the '070 patent.  Also moot is plaintiffs'

7  motion to strike defendant's res judicata defense.

8            C. Defendant's Motion to Exclude Certain Evidence

9            Defendant moves pursuant to Federal Rule of Civil

10  Procedure 37(c)(1) for an order sanctioning plaintiffs for their

11  failure to respond appropriately to discovery requests.

12  Defendant seeks an order excluding any evidence offered by

13  plaintiffs to support direct infringement by products not

14  containing either defendant's TMC22x5y integrated circuit or

15  defendant's TVP 5000 family of integrated circuits.  Defendant

16  also seeks an order excluding any evidence of infringement under

17  the doctrine of equivalents.

18            Following the parties' arguments is like following a

19  tennis match.  Defendant argues that it cannot adequately defend

20  itself on claims of infringement where it does not know either

21  the specific products that plaintiffs, at trial, will allege

22  infringe plaintiffs' patents, or the specific patent claims that

23  plaintiffs allege those products infringe.  Defendant's

24  interrogatory number one requested, "[f]or each product made,

25  used, sold, or offered for sale by Thomson which TLC contends

26

27

28

                                7

1  literally infringes any claim of the '547 Patent [sic],[4] provide

2  a claim chart which reads each allegedly infringed claim on each

3  allegedly infringing Thomson product on a limitation by

4  limitation basis."  (Maze Decl. in Supp. of Def.'s Mot. to Limit

5  Pls.' Evidence of Direct Infringement Ex. E (TLC's Response to

6  Thomson's First Set of Interrog.) at 3).  It is undisputed that

7  plaintiffs never provided a claim chart for any product other

8  than the Thomson Grass Valley 8960 DEC, which contains the

9  TMC22x5y integrated circuit.  (See id. at 3-6).  However,

10 plaintiffs contend the reason they did not provide the requested

11 claim chart was that Thomson had not complied with TLC's

12 discovery request that Thomson provide "identification of the

13 integrated circuits found within" a whole host of defendant's

14 products.  (See Pls.' Opp'n to Def.'s Mot. to Limit Pls.'

15 Evidence of Direct Infringement Ex. D at 2-3 (First Supplemental

16 Response to Thomson's Interrogatory No. 1).  Thomson, in turn,

17 contends that it did not identify the integrated circuits found

18 within that set of products identified by TLC because "each TLC

19 interrogatory as applied to each separate product constitutes a

20 separate interrogatory" and therefore the number of

21 interrogatories propounded by TLC constituted more than 25.  (See

22 id. Ex. K (May 6, 2005 letter from Thomson counsel to TLC

23 counsel)); see also Fed. R. Civ. P 33(a)(limiting number of

24 interrogatories).

25

26 _____

27 [4]   TLC interpreted this to mean the '524 patent.  (Maze
   Decl. in Supp. of Def.'s Mot. to Limit Pls.' Evidence of Direct
28 Infringement Ex. E (TLC's response to to Thomson's First Set of
   Interrog.) at 3)

1    Rule 37(c)(1)[5] prohibits the introduction of evidence

2  that should have been disclosed and was not disclosed pursuant to

3  Rule 26(e)(2)[6] if the failure to disclose was not harmless and

4  was not substantially justified.  There is no question that the

5  only claim chart plaintiffs produced concerned defendant's

6  TMC22x5y integrated circuit.  The question is whether plaintiffs

7  were substantially justified in not providing claim charts for

8  other products of defendant that plaintiffs allege infringe.  The

9  court finds they were not.

10    First, the court notes the impact that denial of

11  defendant's motion would have on the trial.  Plaintiffs' amended

12  complaint states that

> Thomson, on information and belief, manufactures, uses, and
> sells products with demodulation capabilities for recovering
> information content from a modulated signal, <u>including, but
> not limited to</u> the Thomson Grass Valley 8960 DEC.  On
> information and belief, Thomson has in the past infringed,
> and continues to infringe directly, by inducement, and/or by
> contributing to the infringement of one or more claims of
> the '524 patent, <u>including, but not limited to</u> claims 11,
> 27, and 41 by manufacturing, using and selling such
> products.

---

[5]    A party that without substantial justification fails to
disclose information required by Rule 26(a) or
26(e)(1), or to amend a prior response to discovery as
required by Rule 26(e)(2), is not, unless such failure
is harmless, permitted to use as evidence at a trial,
at a hearing, or on a motion any witness or information
not so disclosed. . . .

Fed. R. Civ. P. 37(c)(1).

[6]    A party is under a duty seasonably to amend a prior
response to an interrogatory, request for production,
or request for admission if the party learns that the
response is in some material respect incomplete or
incorrect and if the additional or corrective
information has not otherwise been made known to the
other parties during the discovery process. . . .

Fed. R. Civ. P. 26(e)(2).

1  (Am. Compl. ¶ 13)(emphasis added).  Plaintiffs' complaint is

2  extremely broad.  If defendant were not permitted to narrow

3  plaintiffs' allegations through the discovery process, plaintiffs

4  could surprise defendant at trial by choosing to focus on claims

5  and products that defendant had no way of anticipating were at

6  issue.  Such a result would be against the intent of the Federal

7  Rules.  See Hickman v. Taylor, 329 U.S. 495, 507 (1947)("Mutual

8  knowledge of all the relevant facts gathered by both parties is

9  essential to proper litigation."); United States v. Procter &

10 Gamble Co., 356 U.S. 677, 682 (1958)(rules of discovery make "a

11 trial less a game of blind man's buff [sic] and more a fair

12 contest with the basic issues and facts disclosed to the fullest

13 practicable extent.").

14        Defendant's interrogatories requesting claim charts

15 went to the very heart of this matter.  Which of defendant's

16 products are alleged to infringe, and what patent claims are

17 those products alleged to infringe?  If defendant cannot know

18 this information before trial, then the Federal Rules have failed

19 in their objectives.  See Hickman, 329 U.S. at 507; Procter &

20 Gamble, 356 U.S. at 682.

21        Plaintiff TLC was ordered by Magistrate Judge Nowinski

22 to "supplement all discovery responses," including its response

23 to Thomson's interrogatories seeking claim charts, "in strict

24 conformity with the Federal Rules of Civil Procedure."  (June 29,

25 2004 Order at 2).  TLC was further cautioned that, to comply with

26 the order, its "supplementation must be complete, so that no

27 objections shall limit its responses except for attorney client

28 and work product privileges."  To this date, plaintiffs have not

1  produced the claim charts they were ordered to produce for any

2  product other than the TMC22x5y integrated circuit.

3            Plaintiffs contend that defendant did not identify the

4  circuits contained in some of defendant's devices, and that

5  therefore plaintiffs' failure to perform their discovery

6  obligations is excused.  This issue could have and should have

7  been raised to the magistrate judge in a motion to compel.  A

8  party may object to answering interrogatories.  Fed. R. Civ. P.

9  33(b)(1).  If a party does so, as defendant did in this case, it

10 becomes the opposing party's duty to seek a motion to compel.

11 See Fed. R. Civ. P. 37(a).  Plaintiffs in this case, after

12 receiving Thomson's objections to the interrogatories, chose not

13 to seek such an order, but instead now elect to use defendant's

14 alleged wrongful withholding of information to justify their

15 conduct of a trial by ambush.  In other words, plaintiffs seek a

16 much greater benefit from defendant's alleged failure to provide

17 discovery than an order compelling defendant to produce the

18 information would have provided.

19            To conclude, plaintiff TLC was ordered by the

20 magistrate judge to provide a claim chart to Thomson listing the

21 specific products alleged to infringe and the patent claims that

22 those products allegedly infringed.  TLC only answered that

23 interrogatory with a claim chart alleging infringement by the

24 TMC22x5y integrated circuit.  Therefore, defendant's motion to

25 limit plaintiffs' evidence at trial to evidence of infringement

26 by the TMC22x5y integrated circuit and by the TVP 5000 family of

27

28

11

1 integrated circuits will be granted.[7]

2        The next issue is whether plaintiffs may introduce

3 evidence of infringement under the doctrine of equivalents.

4 Plaintiffs have disclosed to defendant that they are not relying

5 on the doctrine of equivalents, and have not amended that

6 disclosure.  (Maze Decl. in Supp. of Def.'s Mot. to Limit Pls.'

7 Evidence of Direct Infringement Ex. E (TLC Response to Thomson's

8 First Set of Interrogatories) at 7("TLC is not relying on the

9 Doctrine of Equivalents in its infringement analysis.").  The

10 court holds plaintiffs to their word, and grants defendant's

11 motion in limine to exclude evidence of infringement under the

12 doctrine of equivalents.

13        IT IS THEREFORE ORDERED that:

14        (1) defendant's motion to limit infringement damages to

15 those accruing after June 20, 2003 be, and the same hereby is,

16 GRANTED;

17        (2) plaintiffs' motion to strike defendant's res

18 judicata defense as to the '070 patent be, and the same hereby

19 is, DENIED as MOOT;

20        (3) defendant's motion for partial summary judgment on

21 the grounds of res judicata as to the '070 patent be, and the

22 same hereby is, DENIED as MOOT;

23

24 _____

[7]        Defendant does not argue that plaintiffs may not
present evidence regarding infringement by defendant's products
containing the TVP5000 family of integrated circuits.  The nature
25 of plaintiffs' allegations regarding the TVP5000 family of
integrated circuits was apparently made clear to defendant by the
26 Supplemental Expert Report of J. Carl Cooper.  (See Maze Decl. in
Supp. of Def.'s Mot. to Limit Pls.' Evidence of Direct
27 Infringement Ex. L (Cooper expert report) at 2)(stating opinion
regarding infringement by TVP5000 family of integrated circuits
28 of the '070 and '524 patents).

1          (4) defendant's motion to limit plaintiffs'

2  presentation of evidence of infringement to allegedly infringing

3  products containing either the TMC22x5y integrated circuit or the

4  TVP 5000 family of integrated circuits be, and the same hereby

5  is, GRANTED;

6          (5) defendant's motion to exclude plaintiffs'

7  presentation of evidence regarding infringement under the

8  doctrine of equivalents be, and the same hereby is, GRANTED.

9  DATED: June 30, 2005

10

11  _____

12  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28