UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TECHNOLOGY LICENSING CORPORATION, a California corporation, and AV TECHNOLOGIES LLC,

Plaintiffs,

v.

THOMSON, INC., a Delaware corporation,

Defendant.

NO. CIV. S-03-1329 WBS PAN

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR ATTORNEYS' FEES

----oo0oo----

The court entered judgment, pursuant to Federal Rule of Civil Procedure 54(b), in favor of defendant Thomson, Inc. on August 1, 2005. Defendant moves for attorneys' fees in the amount of $867,131.99 pursuant to 35 U.S.C. § 285. Defendant also moves for expert fees, pursuant to the court's inherent power, in the amount of $100,000.

///

///

///

I. Factual and Procedural History

Plaintiff Technology Licensing Corporation's ("TLC") complaint alleged that defendant infringed four patents issued to J. Carl Cooper. Cooper assigned his rights under those patents to TLC. (Compl.) Defendant counterclaimed for a declaratory judgment of non-infringement, invalidity of the four patents, and unenforceability of the four patents. (Def.'s Answer & Countercls.). The infringement claims regarding patents 5,486,869 ("the '869 patent") and 5,754,250 ("the '250 patent") were severed and stayed by court order on September 20, 2004 due to Thomson's applications for reissue of those patents. (See August 26, 2004 Maze Decl. ¶ 2). The claims regarding patents 4,573,070 ("the '070 patent") and 5,459,524 ("the '524 patent") were not stayed. In May 2005, the court permitted plaintiff TLC to substitute AV Technologies LLC ("AVT"), since the interest in the '070 patent was transferred from TLC to AVT in November 2004.

On June 30, 2005, the court issued an order holding that plaintiffs could not recover damages for infringement of the '070 patent. (June 30, 2005 Order at 6, 12). The same order also limited plaintiffs' suit for infringement of the '524 patent to two allegedly infringing products: the Thomson Grass Valley 8960 DEC, containing the TMC22x5y integrated circuit; and the 5000 family of integrated circuits. (Id. at 13). On July 22, 2005, the court granted summary judgment to defendant on plaintiffs' remaining claims for infringement of the '524 patent.

After the summary judgment orders, trial was still scheduled to begin on defendant's counterclaims on August 16,

2005. (July 15, 2005 Final Pretrial Order at 7). Jury instructions from plaintiffs were due August 6, 2005, and trial briefs for both parties and defendant's jury instructions were due August 9, 2005. (Id. at 2-3). On July 26, 2005, almost literally on the eve of trial, plaintiff TLC moved for entry of judgment on the '524 and '070 patents. The court notices that the next regular day on which the court was scheduled to hear civil motions was August 8, 2005. Due to the rush necessitated by the motion, the court was not predisposed to granting it.

However, on July 29, 2005, the parties jointly moved for the entry of judgment on the '524 and '070 patents. On August 1, 2005, the court acceded to the parties' wishes and entered judgment in favor of defendant on plaintiffs' claims of infringement of the '524 and '070 patents pursuant to Federal Rule of Civil Procedure 54(b).

Defendant filed the present motion for attorneys' fees and expert fees on August 15, 2005. Plaintiffs subsequently filed a notice of appeal to the Federal Circuit on the infringement claims.

II. Discussion

Any ruling on attorneys' fees under 35 U.S.C. § 285[1] would be more efficiently and accurately made after all the claims in this case have been litigated. Plaintiffs' claims of infringement of the '250 patent and the '869 patent remain before the court. Plaintiffs may or may not eventually prevail on those

---

[1] The court in exceptional cases may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285.

claims.

In Beckman Instruments, Inc. v. LKB Produkter AB, the jury found the plaintiff's three apparatus claims to be invalid and not infringed but also found that the plaintiff's two method claims were infringed by the defendant. 892 F.2d 1547, 1549 (Fed. Cir. 1989). The district court judge also entered a permanent injunction against the defendant. Id. Subsequently, the court found the case "exceptional" and held that all of plaintiff's attorneys' fees were recoverable from the defendant. Id. at 1549-50. The Federal Circuit, in vacating the amount of fees awarded, observed:

> § 285 provides only for attorney fees being paid to the prevailing party. In the present case, Beckman accused LKB of infringing five claims of the '401 patent; of these claims, only two were found not to be invalid and to be infringed. The other three claims were found invalid and not infringed. Therefore, there is some question whether Beckman can be considered altogether a "prevailing party" for the purpose of § 285. Once again, we are given very little assistance by the case law, since very few cases have involved an award of attorney fees after a "split" jury verdict. The commentators seem to suggest, however, that the correct approach is either to deny fees entirely, or to grant fees only to the extent that a party "prevailed."

Id. at 1553; see also Consol. Aluminum Corp. v. Fonseco Int'l Ltd., 910 F.2d 804, 814 (Fed. Cir. 1990) (upholding district court's finding that alleged infringer was not entitled to exceptional case attorneys' fees, even though patentee was found to have engaged in inequitable conduct, since neither alleged infringer nor patentee had prevailed on all issues at all stages of the litigation).

Admittedly, Beckman is distinguishable. In the present case, defendant was granted summary judgment on the claims of infringement of the '524 and '070 patents and has not yet been

found to have infringed the '250 or '869 patents. However, Beckman provides persuasive support for the proposition that it is prudent for the court to wait until all of plaintiff's claims are resolved before deciding whether this case is "exceptional." Were plaintiffs to eventually succeed on their infringement claims as to the '250 and '869 patents, Beckman teaches that the court should reduce any attorneys' fees award to defendants or deny those fees altogether. Even were defendant to eventually prevail on the '250 and '869 infringement claims, there may emerge a better picture of any misconduct by plaintiffs so that the ruling on attorneys' fees would be more comprehensive. Efficiency dictates that the court delay ruling on the motion for attorneys' fees until all the infringement allegations have been resolved.

IT IS THEREFORE ORDERED that defendant's motion for attorneys' fees pursuant to 35 U.S.C. § 285 be, and the same hereby is, DENIED WITHOUT PREJUDICE.

DATED: September 21, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE