UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TECHNOLOGY LICENSING
CORPORATION, a California
corporation, and AV
TECHNOLOGIES LLC, an Illinois
Limited Liability Company,

        Plaintiffs,

   v.

THOMSON, INC., a Delaware
corporation,

        Defendant.

NO. CIV. S-03-1329 WBS PAN

ORDER RE: COSTS

----oo0oo----

On August 1, 2005, the court entered final judgment as to some of plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 54(b), in favor of defendant Thomson, Inc. The order specifically granted summary judgment to defendant on plaintiffs' infringement claims for U.S. Patent No. 5,495,524 ('524 patent) and U.S. Patent No. 4,573,070 ('070 patent). Additionally, the court issued a stay for defendant's counterclaims regarding the '524 and '070 patents. Defendant then submitted a bill of costs totaling $11,523.98 for transcription expenses related to the

1

1 depositions of Joseph Gemini, Walter Zelhofer, Michael Hauke,
2 David Jordahl, Raymond Bryars, Jeffery Brooks, Peter Symes,
3 George Strong Jr., Anthony Davis, Charles Freeland, and J. Carl
4 Cooper (twelve depositions in all because the Cooper deposition
5 spanned two days).  (Def.'s Bill of Costs at 1; Id. Ex. A at 1).
6          Plaintiffs object to the amount submitted in its
7 entirety, arguing that defendant's transcript costs were not
8 necessarily obtained for use in the case, as required by 28
9 U.S.C. § 1920. (Pl.'s Objection to Def.'s Bill of Costs at 3).
10 In the alternative, plaintiffs urge the court to exercise its
11 discretion to not award costs based on plaintiffs' good faith in
12 bringing suit and defendant's "clear[] . . . ability to meet the
13 expenses of this litigation."  (Id. at 6).
14 I.   Legal Standard
15         Rule 54(d)(1) of the Federal Rules of Civil Procedure
16 and Local Rule 54-292(f) govern the taxation of costs to losing
17 parties, subject to limits set under 28 U.S.C. § 1920. See 28
18 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P.
19 54(d)(1) ("costs other than attorneys' fees shall be allowed as
20 of course to the prevailing party unless the court otherwise
21 directs"); L.R. 54-292(f) (items taxable); Crawford Fitting Co.
22 v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)(limiting taxable
23 costs to those enumerated in 28 U.S.C. § 1920).  Relevant to this
24 case, 28 U.S.C. § 1920(2) allows the court to tax as costs
25 "[f]ees of the court reporter for all or any part of the
26 stenographic transcript necessarily obtained for use in the case
27 . . . ."  The district court has discretion to determine what
28 constitutes a taxable cost within the meaning of 28 U.S.C. §

1920.  <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1996).
Deposition costs, however, have already been identified as
taxable costs available under § 1920(2).  See <u>Alflex Corp. v.
Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990)
("[T]here is much support for the proposition that section
1920(2) covers the costs of <u>deposition</u> transcripts . . . .").

      In general, the losing party has the burden of
overcoming a strong presumption in favor of awarding costs to the
prevailing party.  <u>Miles v. California</u>, 320 F.3d 986, 988 (9th
Cir. 2003); <u>Russian River Watershed Protection Comm. v. City of
Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the
presumption "may only be overcome by pointing to some impropriety
on the part of the prevailing party").  However, the Ninth
Circuit "has not clearly allocated between the prevailing and
losing party the burden of demonstrating whether deposition costs
are 'necessarily obtained' under 28 U.S.C. § 1920."  <u>Smith v.
Hughes Aircraft Co.</u>, 22 F.3d 1432, 1438 (9th Cir. 1993) (noting
that "out-of-circuit cases . . . appear to place the burden on
the losing party").  Instead, the Ninth Circuit allows the
district court to independently determine that deposition costs
were necessary.  <u>Id.</u>

II. <u>Discussion</u>

      Plaintiffs argue that defendant "cannot now recover its
expenses for deposition transcripts and documents which were not
used in its summary judgment motion."  (Pl.'s Objection to Def.'s
Bill of Costs at 3).  Their argument boils down to an assertion
that because the depositions listed in defendant's bill of costs
were not cited in defendant's motion for summary judgment, these

3

depositions were not "necessarily obtained", as required by 28 U.S.C. § 1920(2).  No legal authority binding on this court supports plaintiffs' position.  On the contrary, in the Ninth Circuit, documents need not actually be entered into the record to justify awarding the costs of obtaining them.  <u>Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.</u>, 920 F.2d 587, 599 (9th Cir. 1990); <u>see also</u> <u>Hudson v. Nabisco Brands, Inc.</u>, 758 F.2d 1237, 1243 (7th Cir. 1985), <u>overruled on other grounds by Provident Bank v. Manor Steel Corp.</u>, 882 F.2d 258 (7th Cir. 1989) (addressing a cost award for depositions and noting that "the fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs"); <u>Or. Azaleas, Inc. v. W. Farm Serv., Inc.</u>, No. Civ. 00-1348, 2002 WL 31432771, at *2 (D. Or. Jan. 9, 2002) (applying <u>Haagen-Dazs</u> to depositions).  "[F]ailure to use a deposition in a summary judgment motion does not render it unnecessary."  <u>Fields v. Gen. Motors Corp.</u>, 171 F.R.D. 234, 235 (N.D. Ill. 1997).

Depositions that are "merely useful for discovery" are not taxable.  <u>Indep. Iron Works, Inc. v. U.S. Steel Corp.</u>, 322 F.2d 656, 678 (9th Cir. 1963).  Beyond this requirement though, "[a] deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition."  <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 143 (D. Or. 1995) (citations omitted).  This interpretation is consistent with the language of the statute, which requires that costs be "necessarily obtained for use in the

4

1 case," 28 U.S.C. § 1920(2) (emphasis added), and not necessarily
2 obtained for use in the particular motion that determines the
3 outcome of the case.
4      The twelve depositions included in defendant's bill of
5 costs were not merely useful for discovery and were undoubtedly
6 necessary.  For example, although plaintiffs would have the court
7 find that the deposition of Joseph Gemini, plaintiffs' damages
8 expert, should not be taxed because defendant's questions focused
9 on royalties and not infringement, (Pl.'s Objection to Def.'s
10 Bill of Costs at 4), this information would have been of crucial
11 importance if defendant had lost on the infringement claim.
12 While plaintiffs' damages were irrelevant once defendant
13 prevailed on the infringement claims related to the '524 and '070
14 patents, defendant's inquiries were "reasonably necessary at the
15 time . . . , without regard to later developments that . . .
16 eventually render[ed] the deposition unneeded."  Frederick, 162
17 F.R.D. at 143.
18      Plaintiffs do not specifically attack depositions other
19 than Gemini's, but instead argue that, based on this one example,
20 the court should find the other eleven depositions unnecessary.
21 (Pl.'s Objection to Def.'s Bill of Costs at 5).  As determined
22 above, the court finds that even the Gemini deposition fails to
23 exemplify a deposition that was unnecessary for use in the case,
24 whether or not it was referenced in the motion for summary
25 judgment.  The remaining depositions were even more obviously
26 necessary for the case.  Leading up to trial, defendant conveyed
27 to the court its intent to call, or possibly call, nine of the
28 deponents (Zelhofer, Hauke, Jordahl, Bryars, Brooks, Symes,

5

1  Strong, Davis, and Freeland) as witnesses.  (Def.'s Disclosures
2  Pursuant to Rule 26(a)(3) at 2).  Likewise, plaintiffs documented
3  their intent to offer portions of the depositions of these same
4  people at trial.  (Pl.'s Statement Designating Answers at 3-9).
5  Given both parties' intent to use the testimony and/or
6  depositions of these deponents at trial, the court finds
7  plaintiffs' arguments against taxing the costs of their
8  depositions disingenuous.  Unquestionably, these depositions were
9  "necessarily obtained for use in the case."

10         The final two depositions left to address, both from J.
11 Carl Cooper, were likewise necessary.  Cooper was plaintiffs'
12 technical expert on infringement and the paper trail left by this
13 case is peppered with references to his opinions.  Plaintiffs
14 cannot seriously contend that deposing Cooper was unnecessary.

15         Having rejected plaintiffs' argument that defendant's
16 depositions were not necessarily obtained, the court also
17 declines to exercise its discretion to deny costs.  Plaintiffs
18 appear to take the position that because defendant did not
19 expediently move for summary judgment on plaintiffs' claims
20 against it, the court should now penalize defendant by denying
21 costs.  (See Pl.'s Objection to Def.'s Bill of Costs at 6).
22 However, "[n]o rule requires a motion for summary judgment."
23 Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc., 809
24 F.2d 451, 455 (7th Cir. 1987).  In the alternative, plaintiffs
25 urge the court to deny costs because defendant "clearly has the
26 ability to meet the expenses of this litigation."  Id.  However,
27 Rule 54(d)(1) directs the court to assign costs to the prevailing
28 party, not the party in the best position to bear them.  Fed. R.

6

Civ. P. 54(d)(1).  Rejecting defendant's bill of costs on either of these grounds would thus be improper and unfair.
After reviewing the bill, the court finds taxable the fees of the court reporter, as itemized by defendant.

    IT IS THEREFORE ORDERED that defendant recover its costs of in the amount of **$11,523.98.**

DATED:  September 23, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE