UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Nevada Corporation, and AV TECHNOLOGIES, an Illinois Limited Liability Company,<br><br>      Plaintiffs,<br><br>  v.<br><br>THOMSON, INC., a Delaware Corporation,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:03-1329 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO INTERVENE FOR<br>LIMITED PURPOSE OF STAYING<br>THIS ACTION, AND TO STAY<br>ACTION RELATING TO ELANTEC'S<br>PRODUCTS</u> |

----oo0oo----

        This case was stayed on September 20, 2004, with respect to claims and counterclaims relating to U.S. Patent Nos. 5,486,869 (the "'869" patent) and 5,754,250 (the "'250" patent) until the patent reissue proceedings for those patents were complete. (Docket No. 50.) On October 2, 2009, the court granted defendant Thomson, Inc.'s ("Thomson") unopposed motion to lift the stay. (Docket No. 225.) Elantec Semiconductor, Inc.

("Elantec") and Intersil Corporation ("Intersil") now move to intervene for the limited purpose of further staying the action pending resolution of a state court action with respect to patent infringement claims that involve Elantec's products. In its Statement of Non-Opposition, Thomson states it does not oppose movants' motion and that it agrees to be bound by the outcomes of the License Litigation and Declaratory Judgment Action (Def. Statement of Non-Opp'n to Mot. Intervene & Stay). In considering movants' motion, therefore, the court will treat it as if it had been joined in by Thomson.

A. <u>Motion To Intervene</u>

Movants have failed to show that they satisfy the requirements of Federal Rule of Civil Procedure 24(a) for intervention as of right. In order to intervene as a matter of right, the applicant must show that its interest would be inadequately represented by the parties to the action. Rule 24(a)(2); <u>California ex rel Lockyer v. United States</u>, 450 F.3d 436, 440-41 (9th Cir. 2006). Here, movants seek to intervene for the sole and limited purpose of seeking a further stay of this action pending resolution of the license litigation. Because defendant Thomson joins fully in the motion, it is abundantly clear that Thomson can adequately represent movants' interest for that purpose.

Movants likewise are not entitled to permissive intervention because they do not seek to become parties to this action. Rather, their sole purpose of intervening is to stay the action and, whether the action is stayed or not, to have nothing to do with it after that.

B. <u>Motion To Stay</u>

Specifically, movants seek to stay those aspects of this action that relate to Thomson's incorporation of Elantec chips pending resolution of a suit filed against Elantec and Intersil in the California Superior Court,[1] alleging that Elantec had breached its license agreement to practice the patents-in-suit, and a separate declaratory judgment action against Technology Licensing Corporation ("TLC") in the United States District Court for the Northern District of California on May 28, 2009.[2] Movants argue that resolution of either the pending state court license litigation or the declaratory judgment action could obviate the need for patent litigation regarding Elantec chips, and that the interests of judicial economy favor stay.

1. <u>Legal Standard</u>

A court may stay proceedings pursuant to a power that is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). While both sides analyze the motion for stay within the framework of the <u>Colorado River</u>[3] doctrine, the court has twice stayed the action without reference to <u>Colorado River</u>. <u>See, e.g.</u>, <u>Summa Four, Inc. v. AT&T</u>

---

[1] <u>Tech. Licensing Corp., et al. V. Intersil Corp. & Elantec Semiconductor</u>, No. 06-cv-65161.

[2] <u>Intersil Corp. Et al. V. Tech. Licensing Corp., et al.</u>, No. 09-cv-2386.

[3] <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).

3

Wireless Servs., Inc., 994 F. Supp. 575 (D. Del. 1998) (issuing stay in patent case but finding Colorado River inapplicable). The power of courts to control their dockets by staying proceedings exists independently of whether the Colorado River factors weigh in favor of stay. Nevertheless, the court gives due consideration the Colorado River factors in ruling on the motion.[4]

Under any standard, the present circumstances weigh against a stay. While defendant Thomson has agreed to be bound by the outcome of the license litigation or the declaratory judgment action (Def. Statement of Non-Opp'n to Mot. Intervene & Stay), movants are not the only source of allegedly infringing chips in Thomson's products--the patent litigation also involves a chip manufactured by Gennum. Staying the action only with respect to alleged patent infringement caused by Elantec chips will not avoid piecemeal and duplicitive litigation. See Am. Int'l Underwriters, 843 F.2d at 1258.

Rather, movants' desire to stay only those parts of the patent litigation related to Elantec chips would necessarily bifurcate the patent infringement litigation with respect to products that contain Elantec chips and those that contain Gennum chips. This could result in duplicative discovery later in the

---

[4] A Colorado River analysis of a motion to stay considers six factors: (1) where real property is involved, which court is first to assume jurisdiction over that property; (2) whether the federal forum is inconvenient; (3) whether one course of action may avoid piecemeal litigation; (4) which of the concurrent fora first obtained jurisdiction; (5) whether the action involved federal question subject matter; and (6) whether the state court forum was adequate to protect the federal plaintiff's rights. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19, 23, 26 (1983).

4

patent litigation if the license litigation or declaratory judgment action are not resolved in movants' favor. While it is possible that either case could be resolved in movants' favor and effectively eliminate some of plaintiffs' claims against defendant, "this ordinary circumstance does not warrant a stay." Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist., No. 05-583, 2009 WL 3049050, at *2 (E.D. Cal. Sept. 18, 2009).

More significantly, the patent infringement suit has been pending in this court for seven years--a full three years longer than the license litigation pending in state court. Plaintiffs have already endured two stays related to the patents-in-suit. Staying part of this action pending resolution of the license litigation or declaratory judgment action would further delay resolution of the patent infringement claims, and the potential delay could be significant. See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19, 21 (1983) ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.").

The license litigation lacks both a visible end to discovery and a date for trial. In short, there is no way to know long it will take to go to trial. Similarly, movants currently seek a stay of the declaratory judgment action pending resolution of the license litigation, which would delay this action for an even longer and more uncertain length of time. The parties to this action, on the other hand, are in the process of conducting discovery, motions for construction of the patent claims have been filed, and the case is set for trial. The court

sees no reason why the license issue cannot be decided in this court which first obtained jurisdiction over it.

Finally, a stay is inappropriate because movants want the court to refuse to exercise jurisdiction that is exclusively federal. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction. <u>Moses H. Cone</u>, 460 U.S. at 26. The presence of substantial federal questions significantly narrows the circumstances in which a district court may abstain from exercising its jurisdiction. While law in the Federal Circuit--which governs this case--is unclear, other circuits have decided that federal courts may not abstain from cases in which the federal courts hold exclusive jurisdiction over the claims at issue. <u>See, e.g.</u>, <u>Applera Corp.</u>, 282 F. Supp. 2d at 1128 (explaining Ninth Circuit and other precedent). Jurisdiction in this case is predicated upon substantial questions of federal patent law--over which the federal courts have exclusive jurisdiction--and counsels heavily against stay.

The federal court is perfectly capable of deciding the routine issues of state law that might arise should defendant choose to argue a license defense, and movants have not argued otherwise. If movants are concerned about harm to their reputation from a possible ruling on the license issue in this case, they can move to join as defendants. <u>Kerotest Mfg.</u>, 342 U.S. at 186 (customer suit doctrine typically applies only where customer suit is brought in a district where the manufacturer cannot be joined as a defendant); <u>see</u> <u>Codex Corp. v. Milgo Elec. Corp.</u>, 553 F.2d 735, 738 (1st Cir. 1977) (same); <u>Teleconference</u>

Sys. v. Proctor & Gamble Pharm., Inc., --- F. Supp. 2d ---, 2009 WL 4349446, at *4 (D. Del. Nov. 25, 2009) (same).

In summation, movants have provided no good reason why the court should defer to either a later-filed state court proceeding or a later-filed federal court proceeding and refuse to move forward with a case that is properly before it. Plaintiffs have waited seven years to litigate the issues of patent infringement currently before the court, and a further stay would likely delay this action for a significant length of time. While there is a possibility that the license litigation or declaratory judgment action could obviate the need for patent infringement litigation regarding Elantec chips, the court has serious doubts that a partial stay under the circumstances would resolve all of the issues of the case.

IT IS THEREFORE ORDERED that movants' motions to intervene and for stay be, and the same hereby are, DENIED.

DATED: February 8, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE