UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TECHNOLOGY LICENSING CORPORATION,

      Plaintiff,

  v.

TECHNICOLOR USA, INC.,

      Defendant.
_____/

NO. CIV. 2:03-1329 WBS EFB

MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS

----oo0oo----

Plaintiff Technology Licensing Corporation ("TLC") brought this action against defendant Technicolor USA, Inc., ("Technicolor")[1] for patent infringement. Before the court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

---

[1] The caption was recently changed to reflect defendant's name change from Thomson, Inc., to Technicolor USA, Inc. (Docket No. 296.)

1

I.  Factual and Procedural Background

Plaintiff owns U.S. Patent Nos. RE40,411 E (the "'411 patent") and RE40,412 E (the "'412 patent"), which are July 1, 2008 reissues of U.S. Patent Nos. 5,754,250 (the "'250 patent") and 5,486,869 (the "'869 patent"), respectively.  (Pl.'s Second Am. Compl. ("SAC") ¶¶ 6-8, Exs. A-D.)  The '411 patent comprises "a method and apparatus for identifying and separating the synchronizing signal component of video like signals by identifying or detecting the arrangement or sequence of the known occurances [sic] of events or patterns of the sync" and the '412 patent "provides a synchronizing signal separation."  (Id. Ex. A at 1, Ex. C at 1.)  Plaintiff alleges that defendant infringed the '411 and '412 patents directly and indirectly by manufacturing, using, and selling the Thomson Grass Valley 8900 FSS and 8900GEN-SM and the Thomson Broadcast Media Solutions LDK 5301 Viewfinder.  (Id. ¶¶ 9-11.)  Defendant moves for judgment on the pleadings on plaintiff's claims of inducing and contributory infringement.

II.  Discussion

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion may ask for judgment on the basis of plaintiff's "[f]ailure to state a claim upon which relief can be granted."  Id. 12(h)(2)(B).  Such a motion is essentially equivalent to a Rule 12(b)(6) motion to dismiss, so a district court may "dispos[e] of the motion by dismissal rather

2

than judgment."[2]  <u>Sprint Telephony PCS, L.P. v. County of San Diego</u>, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004).

Under Federal Rule of Civil Procedure (8)(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that the pleading standard rests on two principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  <u>Id.</u>  While showing an entitlement to relief "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Id.</u> at 1950.  If the pleadings "do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[2]  The motions differ in only two respects:

(1) the timing (a motion for judgment on the pleadings is usually brought <u>after</u> an answer has been filed, whereas a motion to dismiss is typically brought <u>before</u> an answer is filed) . . . and (2) the party bringing the motion (a motion to dismiss may be brought <u>only</u> by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by <u>any</u> party).

<u>Sprint Telephony PCS, L.P. v. County of San Diego</u>, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004).

3

alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

A claim of indirect patent infringement may be predicated on either infringement by inducement or contributory infringement. With respect to infringement by inducement, patent law provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009); see DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part). Direct infringement is a prerequisite to an indirect inducement claim. Alloc, Inc. v. Int'l Trade Comm'n, 342 F.3d 1361, 1374 (Fed. Cir. 2003); C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 675 (Fed. Cir. 1990) ("A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement.").

A party is liable for contributory infringement if he or she "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention," while knowing the component is "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

4

Direct infringement is also a prerequisite to a contributory infringement claim. Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005). "[T]o succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components 'have no substantial non-infringing uses.'" Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1320 (Fed. Cir. 2009) (quoting Cross Med. Prods., 424 F.3d at 1312).

The Federal Circuit has addressed the adequacy of a complaint for direct, but not indirect, patent infringement, holding that even conclusory allegations of direct patent infringement were sufficient to survive a motion to dismiss. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). The McZeal court was guided by then-Form 16 of the Federal Rules of Civil Procedure (now Form 18), which "requires essentially nothing more than conclusory statements" to allege direct patent infringement.[3] Elan Microelecs. Corp. v. Apple, Inc., No. C 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009). No adequate justification exists for holding indirect

---

[3] Several courts deciding direct infringement cases in the wake of Twombly and Iqbal have noted the difficulty in reconciling current pleading standards with Form 18. See, e.g., Bender v. L.G. Elecs. U.S.A., Inc., No. C 09-02114, 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010); Elan Microelecs. Corp. v. Apple, Inc., No. C 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("[W]hile the form undoubtedly provides a 'short and plain statement,' it offers little to 'show' that the pleader is entitled to relief.").

infringement claims, which contain additional elements not found in direct infringement claims, to the standard of McZeal[4] and Form 18.[5]  Thus, the general principles of Twombly and Iqbal must be applied to indirect infringement claims.  See Elan Microelecs., 2009 WL 2972374, at *2 ("Both types of indirect infringement include additional elements, none of which Form 18 even purports to address.  In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of Twombly and Iqbal.").

Plaintiff has not stated a plausible claim for relief under either § 271(b) or § 271(c).  The SAC alleges only that defendant "manufactures, uses and sells products with synchronization signal separation capabilities" and that defendant has infringed "directly, by inducement, and/or by contributing to the infringement" of the '411 and '412 patents by "manufacturing, using, and selling such products."  (Compl. ¶¶ 9-11.)  These allegations are insufficient to state a claim for indirect infringement.  Plaintiff has not alleged third-party direct infringement (required for success on both indirect

---

[4] McZeal is also not controlling because it was decided after Twombly but before Iqbal and involved a pro se litigant.

[5] The cases on which plaintiff relies in opposition to the motion appear to assume that the pleading requirements for direct and indirect infringement are identical, without providing any explanation.  See Tune Hunter Inc. v. Samsung Telecommc'ns America, LLC, No. 2:09-cv-148, 2010 WL 1409245, at *3-4 (E.D. Tex. Apr. 1, 2010); Mesh Comm, LLC v. EKA Systems, Inc., No. 8:09-cv-1064, 2010 WL 750337, at *2 (M.D. Fla. Mar. 4, 2010). Having found no support for this assumption, and in light of the additional elements required for success on an indirect infringement claim, the court will decline to follow the cases plaintiff cites.

6

1  claims), defendant's knowing inducement and intent to encourage
2  infringement (required for inducement of infringement), or
3  defendant's knowledge of a combination's infringement and lack of
4  substantial non-infringing uses (required for contributory
5  infringement).  While detailed factual allegations are clearly
6  not required at the pleading stage, the facts as alleged do not
7  show a plausible entitlement to relief.  See Duhn Oil Tool, Inc.
8  v. Cooper Cameron Corp., No. CV-F-05-1411 OWW GSA, 2010 WL
9  2354411 (E.D. Cal. June 9, 2010) (third-party direct infringement
10 must be pled in order to state a claim for indirect
11 infringement).  The court will therefore grant defendant's Rule
12 12(c) motion.
13         A court may grant leave to amend in response to a Rule
14 12(c) motion if the pleadings can be cured by further factual
15 enhancement.  See Sprint Telephony PCS, 311 F. Supp. 2d at 903
16 ("Because the two motions are analyzed under the same standard, a
17 court considering a motion for judgment on the pleadings may give
18 leave to amend and 'may dismiss causes of action rather than
19 grant judgment.'") (quoting Schwarzer et al., California Practice
20 Guide: Federal Civil Procedure Before Trial Ch. 9-E § 341 (The
21 Rutter Group 2003)).  Generally, leave to amend is subject to
22 Rule 15(a)(2) of the Federal Rules of Civil Procedure, which
23 provides that "[t]he court should freely give leave [to amend]
24 when justice so requires."  However, "[o]nce the district court
25 ha[s] filed a pretrial scheduling order pursuant to Federal Rule
26 of Civil Procedure 16[,] which establishe[s] a timetable for
27 amending pleadings[,] that rule's standards control[]."  Johnson
28 v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.

1 1992).  Under Rule 16(b), a party seeking leave to amend must
2 demonstrate "good cause."  "Rule 16(b)'s 'good cause' standard
3 primarily considers the diligence of the party seeking the
4 amendment," although "the existence or degree of prejudice to the
5 party opposing the modification might supply additional reasons
6 to deny a motion."  Johnson, 975 F.2d at 609.

7      Here, any delay in amendment stems from defendant's
8 decision to file a motion for judgment under Rule 12(c) after the
9 pleadings closed instead of a motion to dismiss under Rule
10 12(b)(6) when the SAC was originally filed; there has been no
11 lack of diligence on plaintiff's part.  While defendant was
12 within its rights to bring this motion, the diligence of
13 plaintiff provides good cause to amend.  Any prejudice to
14 defendant, which the court does not find, would be the result of
15 its own delay.  Since the allegation of other facts could cure
16 the current defects in the SAC, leave to amend will be granted.

17      IT IS THEREFORE ORDERED that defendant's motion for
18 judgment on the pleadings on plaintiff's claims of inducing and
19 contributory infringement be, and the same hereby is, GRANTED and
20 those claims are hereby DISMISSED.

21      Following the October 25, 2010, hearing on the parties'
22 pending motions, the court will set a date by which plaintiff may
23 file the amended complaint consistent with this order.

24 DATED:  October 15, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8