UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>TECHNICOLOR USA, INC.,<br><br>      Defendant.<br>_____/ | NO. CIV. 2:03-1329 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO AMEND SCHEDULING ORDER AND DEFENDANT'S MOTION TO PROHIBIT PLAINTIFF FROM INTRODUCING CERTAIN EVIDENCE |

----oo0oo----

Plaintiff Technology Licensing Corporation ("TLC") brought this action against defendant Technicolor USA, Inc., ("Technicolor")[1] for patent infringement. Before the court are plaintiff's motion to amend the scheduling order, defendant's motion to amend the scheduling order, and defendant's motion to

---

[1] The caption was recently changed to reflect defendant's name change from Thomson, Inc., to Technicolor USA, Inc. (Docket No. 296.)

1

prohibit plaintiff from introducing facts or evidence requested but not identified in plaintiff's interrogatory responses pursuant to Federal Rule of Civil Procedure 37.

## I. Factual and Procedural Background

Plaintiff owns U.S. Patent Nos. RE40,411 E (the "'411 patent") and RE40,412 E (the "'412 patent"), which are July 1, 2008 reissues of U.S. Patent Nos. 5,754,250 (the "'250 patent") and 5,486,869 (the "'869 patent"), respectively. (Pl.'s Second Am. Compl. ("SAC") ¶¶ 6-8, Exs. A-D.) Plaintiff alleges that defendant infringed the '411 and '412 patents. (Id. ¶¶ 9-11.)

Pursuant to the court's Status (Pretrial Scheduling) Order of November 13, 2009, all discovery was to be completed by August 30, 2010, and all pretrial motions were to be filed by September 20, 2010; the matter was set for a pretrial conference on November 29, 2010, and trial on February 1, 2011. (Docket No. 229.) On April 13, 2010, pursuant to a joint stipulation of the parties, the court appointed Gale R. Peterson as a Special Master for purposes of claim construction. (Docket No. 273.) No recommendation has yet been issued by the Special Master.

Plaintiff and defendant now move separately to amend the scheduling order. Defendant also moves to prohibit plaintiff from introducing facts or evidence requested but not identified in plaintiff's interrogatory responses. The court granted defendant's motion for judgment on the pleadings on plaintiff's claims of inducing and contributory infringement on October 18, 2010, with leave to amend the complaint; the deadline for submitting an amended complaint is also before the court.

## II. Discussion

A.  <u>Motions to Amend</u>

A court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  Given that the Special Master has not yet issued his recommendation, it is proper to extend the discovery deadline so that the parties may conduct depositions after claim construction has been resolved.  In the interest of retaining the structure provided by the November 13, 2009 Scheduling Order, the other deadlines will be similarly extended.

B.  <u>Motion to Exclude Certain Evidence</u>

Defendant moves pursuant to Federal Rule of Civil Procedure 37(c)(1) for an order sanctioning plaintiff for its purported failure to respond appropriately to discovery requests.  Defendant seeks an order excluding any evidence offered by plaintiff regarding 1) alleged infringing devices beyond the three devices plaintiff identified in response to Interrogatory No. 1; 2) the doctrine of equivalents, which plaintiff did not address in answering Interrogatory No. 2.; and 3) licensing of the '411 and '412 patents or their predecessor patents, for which plaintiff did not provide information in answering Interrogatory No. 3.

Federal Rule of Civil Procedure 26(e)(1) requires that a party "supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ."  Rule

3

37(c)(1) prohibits the introduction of evidence that should have been disclosed and was not disclosed pursuant to Rule 26(e)(1) if the failure to disclose was not harmless and was not substantially justified.

Defendant's first interrogatory asked for a claim chart for each allegedly infringing product. In response, plaintiff identified three of defendant's products and provided claim charts based on the allegedly infringing chips in those products. Defendant argues that plaintiff's failure to identify any other products should preclude plaintiff from introducing evidence regarding other products. However, plaintiff has thus far been substantially justified in failing to supplement its response. Discovery is not yet complete, and plaintiff may still discover other products that contain the allegedly infringing chips. Indeed, plaintiff has requested information regarding which of defendant's products incorporate the chips at issue, and defendant has apparently responded by providing a "long string of numbers (as opposed to an identifiable product name or number), which incorporate those chips." (Pl.'s Opp'n at 6.) Plaintiff states that it intends to determine which products incorporate the GS 4882 chip[2] during technical depositions (id.), which presumably will not take place until after claim construction is completed. Plaintiff cannot be expected to name all of defendant's products at issue until it knows which products incorporate the relevant chip.

Further, any failure to supplement is harmless.

---

[2] The parties have apparently settled claims regarding the other two chips. (Pl.'s Opp'n at 2 n.2.)

4

Defendant knows that the GS 4882 chip is at issue and is in a better position than plaintiff to know which of its products incorporate the chip.  Defendant has also acknowledged at least the possibility that the litigation could involve all of its products containing the relevant chips.  (See, e.g., Def.'s Mem. in Supp. of its Mot. for Partial Summ. J. (Docket No. 270) at 16 ("Accordingly, res judicata bars all [cause of action] Claims asserted by TLC for infringement of the '411 or '412 Patent by any Thomson product containing a Gennum GS4882 chip."); id. at 12 ("Accordingly, res judicata bars all of TLC's [cause of action] Claims consisting of assertions of infringement of any timely asserted Patent Claims of the '411 or '412 Patents, based on Thomson products that contain Elantec EL4583 chips."); Def.'s Opening Markman Br. (Docket No. 248) at 9 ("In the present case, TLC's infringement allegations are based, in part, upon Thomson's use of chips produced by Gennum Corp.").)  Thus, any failure to disclose other products is harmless at this point.

        Defendant's second interrogatory asked plaintiff for a doctrine of equivalents analysis of the allegedly infringed claims.  Plaintiff responded that its claims were based on literal infringement, but that "[a]ny element of any asserted claim of the '411 and '412 patents which is not found to be literally present in the accused products (as will be dictated by the Court's claim construction) is nonetheless present under the doctrine of equivalents." (Def.'s Mot. Ex. A at 7.)  Plaintiff was substantially justified in failing to amend its response to include both literal infringement and doctrine of equivalents analyses for the more than 50 claims that are in dispute, and a

Rule 37 exclusion would be premature at this point.

In response to defendant's request for information about the licensing of the patents-in-suit, plaintiff agreed to produce "all settlement and/or license agreements" relating to the patents by "afford[ing] Technicolor's counsel a reasonable opportunity to audit, inspect and copy such records or provide categorized copies of such records . . . ." (Def.'s Mot. Ex. B at 3-4.) When an "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party," Rule 33(d) gives a responding party the option of answering by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Plaintiff's use of the Rule 33(d) option was appropriate. Accordingly, the court finds no reason to impose sanctions on plaintiff.

IT IS THEREFORE ORDERED that defendant's motion to prohibit plaintiff from introducing certain evidence be, and the same hereby is, DENIED.

Plaintiffs have thirty days from the date of this Order to file an amended complaint, if they can do so consistent with the court's October 18, 2010, Order (Docket No. 312.).

The court's November 13, 2009, scheduling order is hereby amended as follows: The parties shall disclose experts and

produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than February 1, 2011.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before March 1, 2011.  All discovery shall be completed by April 6, 2011.  All pretrial motions shall be filed by May 6, 2011.  The Final Pretrial Conference is reset for July 11, 2011, at 2:00 p.m. in Courtroom 5.  The jury trial is reset for September 20, 2011, at 9:00 a.m. in Courtroom 5.

IT IS SO ORDERED.

DATED:  October 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE